UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In Re: Christine Alice Welch Estate.  Case No. 22-cv-2016 (WMW/TNL)

**ORDER FOR DISMISSAL
WITHOUT PREJUDICE**

This matter is before the Court on Petitioner Christine Alice Welch Estate's (Estate) petition for release of funds. The Estate seeks a "settlement of funds" from the United States Treasury (Treasury). For the reasons addressed below, the Court dismisses the Estate's petition.

Christine-Campagna Stueve commenced this matter on behalf of the Estate. Stueve, executrix and co-trustee of the Estate, alleges in the petition that the Estate is entitled to at least $95 million from the Treasury because of the Estate's status as a "secured party creditor" in possession of a bond instrument. The petition does not name any responding party, and the docket does not reflect any counsel on behalf of the Estate. Nothing in the record reflects that Stueve is a licensed attorney in the District of Minnesota or any other District.

Federal courts are courts of limited jurisdiction, and, therefore, have an obligation to ensure that subject-matter jurisdiction exists in every matter. *See Hart v. United States*, 630 F.3d 1085, 1089 (8th Cir. 2011). Federal jurisdiction flows from Article III of the United States Constitution, which "limits the jurisdiction of the federal courts to actual, ongoing cases and controversies." *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000);

*accord* U.S. Const. art. III, § 2, cl. 1.  To qualify as a "case" or "controversy," a matter must "embody a genuine, live dispute between adverse parties." *Carney v. Adams*, 141 S. Ct. 493, 498 (2020).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  Here, the Estate has not submitted any filing that identifies an adverse party.  Without such a party, there is no constitutional case or controversy for the Court to resolve.  This matter, therefore, falls outside the scope of Article III.  *See Haden*, 212 F.3d at 469.

For this reason, the Court dismisses this matter without prejudice for lack of subject-matter jurisdiction.[1]

**ORDER**

Based on the foregoing analysis and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that this matter is **DISMISSED WITHOUT PREJUDICE**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  September 29, 2022                              s/Wilhelmina M. Wright
                                                        Wilhelmina M. Wright
                                                        United States District Judge

---

[1]  Moreover, entities that appear before the Court may appear only through licensed counsel.  *See Jones v. Corr. Med. Servs.* 401 F.3d 950, 951–52 (8th Cir. 2005).  Whether Steuve represents the Estate or its related trust, nothing in the record indicates that Steuve is licensed to practice law in this or any other District.  Steuve, therefore, cannot appear on behalf of the Estate or its related trust in this matter.  *See id.*; *accord Knoefler v. United Bank of Bismark*, 20 F.3d 347, 347–48 (8th Cir. 1994).